IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STERLING J. LAFFERTY | : | CIVIL ACTION |
| | : | No. 14-5690 |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, Acting | : | |
| Commissioner of Social Security | : | |

O'NEILL, J.                                              January 12, 2016

**<u>MEMORANDUM</u>**

Plaintiff Sterling J. Lafferty seeks review of the Social Security Commissioner's decision denying his claim for supplemental social security income benefits under Title XVI of the Social Security Act.  42 U.S.C. §§ 1381-1383.  I referred plaintiff's case to United States Magistrate Judge Henry S. Perkin for a report and recommendation[1] and on October 29, 2015, Judge Perkin recommended that plaintiff's case should be remanded to the Commissioner for "a supplemental hearing in order to receive the testimony of a vocational expert in an effort to determine whether a significant number of jobs exist in the national economy which Plaintiff could perform incorporating his moderate limitations in concentration, persistence and pace."  Dkt. No. 17 at ECF p. 55.  Defendant filed a timely objection to the report and recommendation, Dkt. No. 18, to which plaintiff filed a response, Dkt. No. 20.  For the reasons that follow I will adopt Judge Perkin's Report and Recommendation as modified by this opinion, overrule defendant's objection and remand this matter to the Commissioner for further review.

---

[1]        A district court judge may refer an appeal of a decision of the Commissioner to a magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1).

# BACKGROUND[2]

Plaintiff's claim for social security disability benefits was denied on January 31, 2013. See Dkt. No. 6-2.  In denying plaintiff's claim for social security disability benefits, the ALJ concluded that plaintiff "is under a disability, but that a substance use disorder[ ] is a contributing factor material to the determination of disability.  Accordingly, the claimant has not been disabled under the Social Security Act at any time from the alleged onset date through the date of [the ALJ's] decision."  Dkt. No. 6-2 at ECF p. 12.  Specifically, the ALJ found that "[b]ased on the vocational expert's testimony . . . if the claimant stopped the substance abuse, he would be capable of making a successful adjustment to work that exists in significant numbers in the national economy."  Id. at ECF p. 26.  Relevant here, the ALJ concluded that "[w]ith regard to concentration, persistence or pace, the claimant has marked difficulties.  The claimant experiences impaired judgment and insight when he uses drugs, as well as unstable moods, which affects his ability to concentrate and focus."  Id.at ECF p. 17.  Further, he wrote that "[w]ith regard to concentration, persistence or pace, the claimant would have moderate difficulties if the substance abuse was stopped."  Id. at ECF p. 19.  He further explained that "[e]ven though claimant's symptoms interfere with his ability to concentrate, when he is not abusing drugs, he retains sufficient concentration to watch sporting events and drive. . . . Notably, at the hearing, the claimant remained focused and provided coherent and appropriate answers to questions."  Id. at 18.  The ALJ concluded that

> [i]f the claimant stopped the substance abuse, the claimant would
> have the residual functional capacity to perform light work . . .
> except he can never climb ladders, ropes or scaffolds; can
> occasionally perform overhead reaching; and must avoid

---

[2]    The background of this case and the applicable standard of review are set forth in detail in the Report and Recommendation and will be recited here only as necessary to address the issues presented by defendant's objection.

> concentrated exposure to extreme cold, vibration and hazards, such
> as heights and machinery.  In addition, the claimant is limited to
> understanding, remembering, and carrying out simple instructions;
> no interaction with the public; and occasional interaction with the
> coworkers and supervisors.

Id. at ECF p. 19 (emphasis added).  He based his residual functional capacity determination on

the opinion of the state agency consultant who found, in his words, that:

> [t]he claimant has difficulties sustaining his focus due to anxiety
> and depression, and can complete only simple, routine tasks.  In
> addition, she noted that the claimant is easily overwhelmed, and
> becomes increasingly anxious when demands on him are
> increased.  Overall Dr. Weitzner opined that the claimant has no
> restriction in activities of daily living; mild difficulties in
> maintaining social functioning; moderate difficulties in
> maintaining concentration, persistence or pace; and no repeated
> episodes of decompensation.

Id. at ECF p. 24.

In reaching his residual functional capacity determination, the ALJ posed the following

hypothetical to the vocational expert:  assume a person who is

> approaching advanced age as defined in the regulations, currently
> age 54, who was 50 at his alleged onset date, who has a high-
> school education and past work as you described.  If I were to
> assume that that person was limited to performing light work as
> defined in the regulations, but who could never perform climbing
> of latters, ropes or scaffolds, and who would be limited to
> occasional overhead reaching, who must avoid concentrated
> exposure to extreme cold, vibration and hazards such as heights
> and machinery, who is limited to understanding, remembering and
> carrying out simple instructions, to no interaction with the public,
> and to only occasional interaction with coworkers and supervisors.
> Based on these limitations, would there be any unskilled light jobs
> that such a person could perform?

Dkt. No. 6-2 at ECF p. 60-61.  The vocational expert responded that such an individual could not

perform plaintiff's past relevant work, but could perform other jobs including shirt presser,

photocopy machine operator and assembler of plastic hospital equipment.  Id. at ECF p. 61-62.

The ALJ then modified his hypothetical, asking if a person with the already stated limitations, "because of symptoms would be off task for completing even routine and repetitive tasks for as much as two hours during an eight-hour workday, could such a person perform [the] jobs that you had named." Id. at ECF p. 62. The vocational expert responded, "[n]o sir. No work." Id.

In his report and recommendation, Judge Perkin concludes that "the testimony of the vocational expert cannot provide substantial evidence to support the ALJ's determination that a significant number of jobs exist in the national economy which the Plaintiff could perform." Dkt. No. 17 at ECF p. 55. He explains that "the ALJ's RFC is silent regarding changes in the work setting and simple routine tasks." Id. at ECF p. 51. Judge Perkin asserts that "the ALJ failed to include any limitations based on concentration, persistence and pace in his hypothetical to the [vocational expert]" and that "the ALJ's mental work-related limitations fail to accommodate for moderate impairments in concentration, persistence or pace." Dkt. No. 17 at ECF p. 54. He explains that "the ALJ failed to explain his reasons for failing to accommodate for these limitations in his RFC determination." Id. Accordingly, he concludes that "the ALJ's limitation to the [vocational expert] that Plaintiff should be limited to simple instructions, no interaction with the public, and to only occasional interaction with coworkers and supervisors does not take into account his moderate deficiencies in concentration, persistence or pace." Id. at ECF p. 55. Thus Judge Perkin recommends that plaintiff's case should be remanded and that the ALJ should be directed "to explain his reasons for failing to accommodate for these limitations in his RFC determination." Id.

### STANDARD OF REVIEW

In assessing defendant's objection, I must evaluate de novo those portions of the Report

and Recommendation to which objection has been made.[3]  28 U.S.C. § 636(b)(1)(C).  I may

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  Id.; see also Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

　　　The issue to be addressed on appeal from a denial of benefits is whether the decisions of

the administrative law judge are supported by substantial evidence.  Adorno v. Shalala, 40 F.3d

43, 46 (3d Cir. 1994).  "Substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion."  Id.  (citation and internal quotation marks

omitted).  "It is less than a preponderance of the evidence but more than a mere scintilla."

Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995).

"Overall, the substantial evidence standard is deferential and includes deference to inferences

drawn from the facts if they, in turn, are supported by substantial evidence."  Schaudeck v.

Comm'r of Soc. Sec. Admin., 181 F.3d 429, 433 (3d Cir. 1999).  Where the ALJ's factual

findings are supported by substantial evidence, I am bound by them even if I would have reached

different conclusions.  See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).  A reviewing

court may not "[w]eigh the evidence or substitute [its own] conclusions for those of the fact-

finder."  Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

## DISCUSSION

　　　Defendant objects that in deciding that remand to the Commissioner is warranted,

Magistrate Judge Perkin erred in not applying a distinction between concentration and pace to his

---

[3]　　　Defendant's objection to the Report and Recommendation essentially reasserts issues already presented to the Magistrate Judge.  The Court of Appeals has explained that "any appeal to a district court based on an objection to a Magistrate Judge's order will rehash arguments presented to and considered by the Magistrate Judge.  That is – by definition – the very nature of review."  Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).  "[T]he standard district courts should apply to such objections is de novo."  Id.  Accordingly, I will evaluate defendant's objection on its merits.

consideration of plaintiff's case.  See Dkt. No. 18 at ECF p. 3.  Plaintiff responds that

defendant's objection "fails to adequately address that the ALJ's RFC limitations do not account

for Lafferty's difficulty with concentration, persistence or pace."  Dkt. No. 20 at ECF p. 2.  After

considering defendant's objection and plaintiff's response, I agree with Judge Perkin's

conclusion that remand is warranted, but apply modified reasoning in reaching this result.

"[A]n ALJ's hypothetical must include all of a claimant's impairments."  Ramirez v.

Barnhart, 372 F.3d 546, 552 (3d Cir. 2004).  "Concentration, persistence, or pace refers to the

ability to sustain focused attention and concentration sufficiently long to permit the timely and

appropriate completion of tasks commonly found in work settings." 20 C.F.R. Pt. 404, Subpt. P,

App. 1.  Defendant contends that "[t]he ALJ did not identify any documented persistence or pace

limitations" and thus "was specific in his step-three finding that the moderate limitations in the

category of concentration, persistence or pace involved [plaintiff's] difficulties with

concentration."  Dkt. No. 18 at ECF p. 3.  Further, defendant argues that "[t]he ALJ accounted

for Plaintiff's moderate concentration limitations by restricting Plaintiff to jobs that involve

understanding, remembering, and carrying out simple instructions only."  Dkt. No. 18 at ECF p.

3.

        In Ramirez, the Court of Appeals held that

                a requirement that a job be limited to one to two step tasks, as was
                stated in the hypothetical relied upon by the ALJ, does not
                adequately encompass a finding that [the plaintiff] often has
                deficiencies in concentration, persistence, or pace. . . .  Most
                importantly, this limitation does not take into account deficiencies
                in pace.

 372 F.3d at 554 (alterations and internal quotations omitted, emphasis added).  When Ramirez's

disability claim was decided, the term "moderate" – the term used here by the ALJ – was not

used in the Commissioner's regulations to describe the third of five levels of limitation in

concentration, persistence or pace, instead, the corresponding term was "often."  See Ramirez,

372 F.3d at 551, citing 20 C.F.R. § 416.920a(b)(3) (1999).

> The functional scale used to assess concentration, persistence, or
> pace was changed in 2000; . . . however, both the old and new
> scales contain five degrees of limitation.  "Moderate" is the third
> level of limitation on the new five-point functional scale. . . .
> "Often" occupied the third level of limitation on the prior
> functional scale.

Strouse v. Astrue, No. 07-4514, 2010 WL 1047726, at *6 (E.D. Pa. Mar. 19, 2010), citing Colon

v. Barnhart, 424 F. Supp. 2d 805, 811 (E.D. Pa. 2006).

After the regulatory change, and after Ramirez, the Court of Appeals found in a non-

precedential opinion that a vocational expert's "hypothetical was adequate" where, "in line with

her finding that [the plaintiff] only had 'moderate limitations with his ability to maintain

concentration, persistence and pace,' the ALJ included in her hypothetical that the individual be

limited to 'simple, routine tasks' and that he avoid noise extremes and bright or sudden light

changes."  McDonald v. Astrue, 293 F. App'x 941, 946-47 (3d Cir. 2008) (emphasis added).  In

a footnote, without further explanation, the Court of Appeals explained that "[t]his case is thus

distinguishable from Ramirez, where we held that a hypothetical requiring that the individual's

work be limited to simple one to two step tasks was inadequate because it did not take into

account that the claimant often suffered from deficiencies in concentration, persistence, or pace."

Id. at 946 n.10 (emphasis in original, internal quotations omitted).

Since the change in regulatory terminology from "often" to "moderate," some district

courts within this circuit have, as in McDonald, "questioned the continuing validity of Ramirez

in cases involving the application of the severity scale. . . .  Other district courts have . . . held

that Ramirez still applies because the terms 'often' used in frequency regulations and the term

'moderate' found in severity rules are equivalent."  Bryant v. Colvin, No. 14-981, 2015 WL

-7-

1401001, at * (M.D. Pa. March 26, 2015).  Compare Strouse v. Astrue, No. 07-4514, 2010 WL

1047726, at *6 (E.D. Pa. Mar. 19, 2010), citing Colon v. Barnhart, 424 F. Supp. 2d 805, 811

(E.D. Pa. 2006) (holding that "'moderate' on the new scale and 'often' on the old scale are

equivalent" and declining to follow McDonald); Bunch v. Astrue, No. 08-487, 2008 WL

5055741, at *3 n.4 (E.D. Pa. Nov. 26, 2008) ("the slight change in nomenclature does not

circumvent Ramirez's requirement that the hypothetical provided to the vocational expert be

accurate"); Gray v. Colvin, No. 13-1944, 2014 WL 4536552, at *15-18) (M.D. Pa. Sept. 11,

2014) (holding that "Ramirez governs" and citing with approval cases finding that "McDonald is

not persuasive") with McBeth v. Colvin, No. 12-3583, 2013 WL 6061364, at *17 (E.D. Pa. Nov.

18, 2013) (citing McDonald and finding that a hypothetical posed to the VE limiting the plaintiff

to unskilled work, with routine repetitive tasks and no more than occasional interaction with the

public, co-workers and supervisors was adequate to reflect the plaintiff's moderate limitations in

concentration, persistence and pace); Santiago v. Astrue, No. 11-3650, 2012 WL 1080181, at *9

(E.D. Pa. Mar. 28, 2012) (citing McDonald with approval and finding that "while the ALJ did

not explicitly discuss [the plaintiff's] attention and concentration with the VE . . . the ALJ's

[residual functional capacity determination] and hypothetical involving '1–2 step tasks and few

work changes' adequately accounted for the limitation"); Rodgers v. Colvin, No. 13-75-J, 2014

WL 4748907, at *1 n.1 (W.D. Pa. Sept. 24, 2014) ("Although both 'often' and 'moderate'

occupy the middle position in their respective scales, more recent Third Circuit decisions have

distinguished Ramirez based on the difference between 'often' suffering from these deficiencies

and being 'moderately' limited in those areas.").

       Defendant contends that there is no Ramirez problem in this case, because Ramirez "held

that a limitation to 'simple one or two step tasks' does not account for [ ] pace issues."  Dkt. No.

18 at ECF p. 3 (emphasis in original).  Defendant argues that "an RFC that limits a claimant to simple and routine tasks accounts for moderate concentration difficulties."  Id.  Plaintiff argues that "Courts within the Third Circuit have refused to uphold an ALJ's ruling where a claimant had 'moderate' deficiencies in concentration, persistence or pace and where the ALJ only limited the claimant to non-detailed, simple and routine and/or low stress work."  Dkt. No. 20 at ECF p. 2.  Specifically, plaintiff cites to Steinberger v. Barnhart, a decision rendered after Ramirez and prior to McDonald,  as holding "that a limitation to 'simple repetitive tasks' and 'only occasional contact with the public and coworkers' does not sufficiently incorporate the ALJ's finding that plaintiff had 'a moderate degree of limitation in the concentration, persistence and pace area of functioning.'"  Dkt. No. 20 at ECF p. 3, citing Steinberger, No. 04-5383, 2005 WL 2077375, at *3-4 (E.D. Pa. Apr. 24, 2005).  Plaintiff thus contends that "the ALJ did not engage in an individualized inquiry of Lafferty's limitations in maintaining attention and concentration."  Dkt. No. 20 at ECF p. 3.

Regardless of whether Ramirez remains valid following the change in regulatory terminology or whether McDonald is persuasive despite not being a precedential decision, I find that the ALJ lacked substantial evidence for his decision because he failed to provide any explanation for why he declined to adopt a residual functional capacity assessment based on the second hypothetical he posed to the vocational expert – a hypothetical where the claimant "would be off task for . . . as much as two hours during an eight-hour workday" and which resulted in a conclusion that the claimant would not able to perform any work.  Dkt. No. 6-2 at ECF p. 62; see also id. at ECF p. 26.  Although he posed the second hypothetical to the vocational expert at the administrative hearing, the ALJ's decision makes no reference to it in his ultimate decision and provides no explanation as to why he rejected the second hypothetical as a

more accurate representation of plaintiff's moderate limitations with regard to concentration, persistence or pace in the absence of substance use.  Thus, like Judge Perkin, I find that the ALJ's decision lacks substantial evidence with respect to his residual functional capacity finding and his consideration of plaintiff's nonexertional limitations.  <u>See</u> Dkt. No. 17 at ECF p. 55-56.  I will remand the matter for further consideration.

An appropriate Order follows.